1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

8   DAVID ALEXANDER HODGES,                    Case No. 07-cv-0615 OWW TAG

9              Plaintiff,                      ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO AMEND
10        v.                                   (Doc. 1)

11  HOLIDAY INN SELECT,

12             Defendant.

13  _____/

14        Plaintiff David Alexander Hodges ("Plaintiff"), is proceeding pro se and in forma pauperis

15  ("IFP") in his civil rights complaint. (Doc. 1). The matter has been referred to the Magistrate Judge

16  pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

17        In the complaint, Plaintiff, an African-American, alleges that defendant Holiday Inn Select

18  ("Defendant") violated his civil and constitutional rights when it called the Bakersfield Police

19  Department ("BPD"), purportedly to prevent Plaintiff from entering Defendant's premises to visit a

20  paying guest. (Doc. 1, p. 1). Plaintiff contends that Defendant subjected him to unlawful detention and

21  imprisonment by the BPD, and, accordingly, Defendant violated his rights under the Equal Protection

22  Clause of the Fourteenth Amendment, deprived him of his rights under 42 U.S.C. §§ 1981 and 1983,

23  and was negligent under California state law. (Doc. 1). Plaintiff requests monetary damages and

24  attorneys fees. (Doc. 1, p. 2).

25        Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must "screen" the complaint of a party

26  proceeding IFP to determine whether the case should be dismissed because it (1) "is frivolous or

27  malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief

28  against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

1

A complaint must contain a short and plain statement as required by Federal Rule of Civil

Procedure 8(a), which provides that:

> A pleadings which sets forth a claim for relief, whether an original claim . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give

fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.

Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of

particularity specific overt acts which the defendants engaged in that support Plaintiff's claim. Id.

Although a complaint need not outline all elements of a claim, it must be possible to infer from the

allegations that all elements exist and there is entitlement to relief under some viable legal theory.

Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998); Walker v. South Cent. Bell

Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).

Plaintiff's 42 U.S.C. § 1983 Claim

To state a viable claim under 42 U.S.C. § 1983, the complaint must set forth facts from which

it can be inferred that the plaintiff was deprived of rights secured by the Constitution or federal law

*under color of state law*. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986) (citations and

quotations omitted)(emphasis added); Faulkner v. County of Kern, No. 04-cv-05964, 2006 WL 1795107,

*11 (E.D. Cal. June 28, 2006) (citations omitted); 42 U.S.C. § 1983. Because state action is an essential

element of a § 1983 action, a plaintiff must satisfy one of the following tests to state a claim under

§ 1983 against a private entity or individual: "(1) the public function test; (2) the joint action test; (3)

the state compulsion test; and (4) the governmental nexus test." Johnson v. Knowles, 113 F.3d 1114,

1118 (9th Cir. 1997) (citations omitted).

Under the public function test, the plaintiff must allege that the private entity has assumed

responsibility for activities and powers that traditionally were handled by the state. Id. The "joint action

test" requires that the private party wilfully participates "in joint activity with the State or its agents."

Id. at 1119. For example, for purposes of screening the complaint, a private party defendant acts under

1   color of state law if the complaint asserts that it conspired with the state actor to deprive the plaintiff of

2   his rights, and the facts upon which the conspiracy is based are more than conclusory allegations.

3   <u>Collins v. Womancare</u>, 878 F.2d 1145, 1154 (9th Cir. 1989)(citations and quotations omitted); <u>Fenters</u>

4   <u>v. Yosemite Chevron</u>, No. CV-F-05-1630, 2006 WL 2016536, * 13 (E.D. Cal. July 17, 2006)(citations

5   and quotations omitted).  The Ninth Circuit, however, has refused to convert a private party into a state

6   actor solely because the private party called, or complained to, the police.  <u>Collins</u>, 878 F.2d at 1155

7   (citations omitted).

8         Additionally, if the state has coerced the private party to act in a specific manner to the extent

9   that the latter's behavior must, as a matter of law, be attributed to the state, the private party is deemed

10   to have acted under color of state law for § 1983 purposes.  <u>Johnson</u>, 113 F.3d at 1119-20.  Finally,

11   under the nexus test, the deprivation of a plaintiff's rights by a state-regulated private entity may be

12   considered action under color of state law if the connection or interdependency between the state and

13   the regulated private entity so warrant.  <u>Id.</u> at 1120.

14         In the instant case, Defendant, on its face, is not a state actor.  (Doc. 1).  Nor has Plaintiff alleged

15   any facts evidencing that Defendant, through any of the above methods, could be deemed to have been

16   acting under color of state law.  The only reference that Plaintiff makes to any state action is that

17   Defendant called the BPD, which, as discussed previously, is an insufficient basis to find that a private

18   entity engaged in joint action with a state actor for purposes of 42 U.S.C. § 1983.  Moreover, Plaintiff

19   has not stated any facts from which one could infer that Defendant violated his constitutional rights,

20   alleging only that non-defendant BPD unlawfully detained him.  Because Plaintiff's complaint has not

21   satisfied the criteria that Defendant deprived him of his constitutional rights under color of state law,

22   Plaintiff has failed to state a claim upon which relief could be granted.  Accordingly, Plaintiff's

23   complaint is dismissed without prejudice as to his § 1983 claim.

24   <u>Plaintiff's Equal Protection Claim</u>

25         Plaintiff states, as an independent cause of action, that Defendant violated his rights under the

26   Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.  (Doc. 1).  The Equal

27   Protection Clause provides that "[n]o State shall make or enforce any law which shall . . . deny to any

28   person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  "The

3

Fourteenth Amendment is not self-executing, and can only be brought by plaintiff pursuant to a section 1983 claim." <u>Foley v. Bates</u>, No. C 06-7294, 2007 WL 963825, *10 (N.D. Cal.  March 30, 2007) (citing <u>Magana v. Com. of the Northern Mariana Islands</u>, 107 F.3d 1436, 1441 (9th Cir. 1997).  Even assuming, <u>arguendo</u>, that a plaintiff could raise an independent cause of action based on the Equal Protection Clause, the complaint would have to demonstrate that an action by the state deprived him of his rights, which, again, necessitates an allegation that the deprivation was "under color of state law."  <u>Alvarez Acuna v. Fireside Thrift Co., Inc.</u>, No. CV-05-3876, 2006 WL 13112528, *10 (D.Ariz. May 11, 2006)(citation omitted).

Because Plaintiff cannot raise an independent Equal Protection claim, and, even if he could, it would suffer the same defects as does his § 1983 claim, given that Defendant is a private entity and Plaintiff has not alleged facts from which it could be inferred that Defendant deprived  him of his rights because of his race, this claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

<u>Plaintiff's 42 U.S.C. § 1981 Claim</u>

Finally, Plaintiff asserts that Defendant deprived him of the rights guaranteed him pursuant to 42 U.S.C. § 1981.  (Doc. 1).  Title 42, section 1981 of the United States Code provides, in pertinent part, that:

> All parties within the jurisdiction of the United States shall have the same right in every state and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(a), (c).

To state a cognizable claim under § 1981, the plaintiff must allege that he was subjected to intentional discrimination due to his race by, <u>inter alia</u>, setting forth overt acts or statements evidencing that racial animus underlay the plaintiff's § 1981 rights.  <u>Evans v. McKay</u>, 869 F.2d 1341, 1344-45 (9th Cir. 1989)(citations omitted); <u>Brew v. City of Emeryville</u>, 138 F. Supp.2d 1217, 1224 (N.D. Cal. 2001).

In the action <u>sub judice</u>, although Plaintiff states that he is an African-American, he does not allege that Defendant intentionally discriminated against him due to his race to deprive him of his § 1981

4

rights. (Doc. 1).  Moreover, it is not clear what rights guaranteed Plaintiff were violated by Defendant, in that he alleges only that Defendant's actions represented its "[p]olicy, custom or practice or tacit approval of deliberate indifference of Holiday Inn Select security staff of plaintiff's rights to be secure in his person and effects." (Doc. 1, p. 2).  Assuming that the security staff deprived Plaintiff, under 42 U.S.C. § 1981(a), of his right to the "full and equal benefit of all laws and proceedings for the security of persons," Plaintiff does not specify any act by Defendant's security staff. (See Doc. 1).  Thus, Plaintiff has failed to state a viable upon which relief could be granted under § 1981, and his complaint is due to be dismissed without prejudice as to his § 1981 claim.

Plaintiff is provided an opportunity to file an amended complaint, in which he can explain how the actions complained of have resulted in a deprivation of his constitutional rights under color of state law.  In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make their amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the underlying facts must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is DISMISSED without prejudice; and

2.  Plaintiff is GRANTED thirty (30) days from the date of service of this order to file a first amended complaint that complies with the requirements of the 42 U.S.C. §§ 1981 and 1983, Fed.R.Civ.P. 8(a), and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

\\\

\\\

\\\

\\\

\\\

5

1

   **Failure to file an amended complaint in accordance with this order will result in a**

2

**recommendation that this action be dismissed.  Local Rule 11-110.**

3

4

5

6

IT IS SO ORDERED.

7

Dated:  **May 2, 2007**           _____**/s/ Theresa A. Goldner**_____

8

_____                 UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6