IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALEXANDER HODGES,  Plaintiff,  v.  HOLIDAY INN SELECT,  Defendant. _____/ | Case No. 07-cv-0615 OWW TAG  ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 5) |

Plaintiff David Alexander Hodges ("Plaintiff"), is proceeding pro se and in forma pauperis ("IFP") in his civil rights action, 42 U.S.C. §§ 1981 and 1983. (Docs. 1, 3). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302. On May 2, 2007, Plaintiff's initial complaint was dismissed without prejudice for failure to state a claim, and this Court granted him thirty (30) days to file a first amended complaint. (Doc. 4). Plaintiff timely complied with the May 2, 2007, order, filing his first amended complaint on May 25, 2007. (Doc. 5). This Court must "screen" the amended complaint to determine whether the case should be dismissed because it (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

A complaint must contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a), which provides that:

> A pleadings which sets forth a claim for relief, whether an original claim . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

1

Fed.R.Civ.P. 8(a).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity specific overt acts which the defendants engaged in that support Plaintiff's claim.  <u>Id.</u>  While the complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and there is entitlement to relief under some viable legal theory.  <u>Lewis v. ACB Business Service, Inc.</u>, 135 F.3d 389, 405-06 (6th Cir. 1998); <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990).

To state a viable claim under 42 U.S.C. § 1983, the complaint must set forth facts from which it can be inferred that the plaintiff was deprived of rights secured by the Constitution or federal law under color of state law.  <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986) (citations and quotations omitted); <u>Faulkner v. County of Kern</u>, No. 04-cv-05964, 2006 WL 1795107, *11 (E.D. Cal. June 28, 2006) (citations omitted); 42 U.S.C. § 1983.

In his first amended complaint, Plaintiff alleges that the Bakersfield Police Department ("BPD") responded to a telephone call from Defendant Holiday Inn Select ("Defendant"), where Plaintiff was visiting a paying guest.  (Doc. 5, p. 1).  According to Plaintiff, Defendant engaged in acts and conspired with the BPD that amounted to Defendant acting under color of state law for § 1983 purposes.  (<u>Id.</u> at 1-2).  Plaintiff next contends that the BPD placed him in handcuffs for more than two hours and he was charged with trespassing, which charges subsequently were dismissed.  (<u>Id.</u> at 2).  Plaintiff alleges that Defendant thereby deprived him of his constitutional rights, but he fails to specify the rights that were violated.  (Doc. 5); <u>Gibson v. United States</u>, 781 F.2d at 1338; <u>Jones</u>, 733 F.2d at 649; Fed.R.Civ.P. 8(a)(2).  Plaintiff's only stated claim against Defendant is based on a violation of California Civil Code § 1714.  (Doc. 5, p. 3).  A cause of action under § 1983 necessitates that the defendant violate a federal law or deprive the plaintiff of his constitutional rights; a claim that the defendant violated a state law cannot form the basis of a § 1983 action.  <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997).

Because Plaintiff neglects to identify the constitutional rights that Defendant violated, his first amended complaint fails to state a claim upon which relief can be granted.  Accordingly,

Plaintiff's first amended complaint is dismissed without prejudice.  Plaintiff is provided a final opportunity to file an amended complaint, in which he can explain how the actions complained of resulted in a deprivation of his constitutional rights under color of state law.  In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make their amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, all previous no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the underlying facts must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is DISMISSED without prejudice; and

2.     Plaintiff is GRANTED thirty (30) days from the date of service of this order to file a second amended complaint that complies with the requirements of the 42 U.S.C. §§ 1981 and 1983, Fed.R.Civ.P. 8(a), and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

**Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.  Local Rule 11-110.**

IT IS SO ORDERED.

Dated:   **June 14, 2007**                                        __/s/ Theresa A. Goldner__
                                                                                     UNITED STATES MAGISTRATE JUDGE